**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000736
28-FEB-2025
08:22 AM
Dkt. 56 SO**

NO. CAAP-22-0000736

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF SOUNDVIEW HOME LOAN TRUST 2007-OPT1,
ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1, Plaintiff-Appellee,
v.
NICOLE K. FLORES, Defendant-Appellant,
DELTON R. PRIDGEN; WOODRIDGE ASSOCIATION, Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50;
and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC131002278)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Nicole K. Flores[1] (**Flores**) appeals

from the "Findings of Fact [**FOF**], Conclusions of Law [**COL**], and

---

[1] The parties' briefs refer to Flores as Nicole K. Hosaka, but her name is listed as Nicole K. Flores on the caption and Judiciary Information Management System docket for this case.

Order Granting Plaintiff[-Appellee]'s[2] Renewed Motion for Summary Judgment and Interlocutory Decree of Foreclosure, Filed August 18, 2022" (**Foreclosure Order**), filed November 10, 2022, and the "Judgment," filed November 15, 2022, by the Circuit Court of the First Circuit (**circuit court**).[3]

This appeal arises out of a Complaint for Foreclosure (**Complaint**), filed by Wells Fargo on August 20, 2013 against Flores and Defendants-Appellees, Delton R. Pridgen (**Pridgen**) and Woodridge Association. The Complaint alleged that Flores and Pridgen had defaulted on a promissory note (**Note**) held by Wells Fargo. The Note was secured by the Mortgage (**Mortgage**) that encumbered the subject property (**Property**). In August 2022, Wells Fargo filed its "Renewed [(third)] Motion for Summary Judgment and Interlocutory Decree of Foreclosure."[4] The circuit court granted Wells Fargo's motion and entered the Foreclosure Order and Judgment from which Flores presently appeals.

On appeal, Flores contends that the circuit court erred in granting summary judgment in Wells Fargo's favor "because Wells Fargo failed to prove standing . . . through

---

[2]     Plaintiff-Appellee is Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1, herein referred to as **Wells Fargo.**

[3]     The Honorable Lisa W. Cataldo presided.

[4]     Wells Fargo's first and second motions for summary judgment were denied without prejudice.

documentary evidence, that it had possession of the Note on the date it filed the Complaint, Aug. 20, 2013."

Flores contends that, in reaching this ruling, the circuit court erred in making the following FOFs:

> 13. According to the declarations of Charles Brehm and Exhibit "S", [Wells Fargo] was in physical possession of the original blank-indorsed Note when the Complaint was filed and was entitled to enforce the Note under Haw. Rev. Stat. § 490:3-301.
>
> 14. [Wells Fargo] was in possession of the original blank-indorsed Note when the Motion was filed and continues to be in possession of the original blank-indorsed Note.

Flores contends that the circuit court erred in making the following COL:

> 3. The Court concludes that [Wells Fargo] has established its standing to enforce the Note and prosecute this foreclosure action.

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Flores' contentions as follows.

We review the circuit court's grant of summary judgment de novo, applying the following standard,

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawai'i 46, 55-56, 292 P.3d 1276, 1285-86 (2013) (cleaned up).  We review challenged FOFs under the clearly erroneous standard and challenged COLs de novo under the right/wrong standard.  Noel Madamba Contracting LLC v. Romero, 137 Hawai'i 1, 8, 364 P.3d 518, 525 (2015).

In Bank of Am., N.A. v. Reyes-Toledo, the Hawai'i Supreme Court held that,

> A foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as standing is concerned with whether the parties have the right to bring suit. Typically, a plaintiff does not have standing to invoke the jurisdiction of the court unless the plaintiff has suffered an injury in fact.  A mortgage is a conveyance of an interest in real property that is given as security for the payment of the note.  A foreclosure action is a legal proceeding to gain title or force a sale of the property for satisfaction of a note that is in default and secured by a lien on the subject property.  Thus, the underlying "injury in fact" to a foreclosing plaintiff is the mortgagee's failure to satisfy its obligation to pay the debt obligation to the note holder.  Accordingly, in establishing standing, a foreclosing plaintiff must necessarily prove its entitlement to enforce the note as it is the default on the note that gives rise to the action.

139 Hawai'i 361, 367-68, 390 P.3d 1248, 1254-55 (2017) (cleaned up).

We conclude the three declarations of Charles Brehm (**Brehm**),[5] that Wells Fargo filed in support of its third and

---

[5]     Brehm served as a Special Accounts Consultant for Computershare Ltd. (**Computershare**) and as a member of Computershare's corporate trust department.  Prior to his employment with Computershare, Brehm was an Officer of Wells Fargo, and a member of Wells Fargo's corporate trust department. Brehm provided an initial declaration (**first declaration**) which was attached to the August 2022 motion for summary judgment.  Brehm subsequently provided a supplemental declaration and a second supplemental declaration, both filed on October 4, 2022.  In all three declarations, Brehm represented that Computershare is the current Custodian of the original loan documents at

(continued . . .)

operative motion for summary judgment, were sufficient to establish Wells Fargo's possession of the original Note at the time the Complaint was filed on August 20, 2013. Brehm's Declaration authenticated copies of the original indorsed in blank Note and Mortgage that were attached to the motion for summary judgment as Exhibits "A" and "B."

In both supplemental declarations, Brehm explained that he had reviewed the Activity Report on Flores' loan. He represented that the Activity Report "is an internal, confidential log with proprietary information, terms and codes used by Wells Fargo and Computershare regarding the Note history," and that the Activity Report confirmed Wells Fargo's

---

[5](. . . continued) issue. In his first declaration Brehm represented that Computershare acquired the assets of Wells Fargo Corporate Trust Services effective as of November 1, 2021, and that "Computershare's records include and incorporate records for the Loan obtained from Wells Fargo[.]" Brehm further stated in his first declaration that,

> I have personal knowledge of Computershare's record-keeping practices and procedures. I have personal knowledge of the computer systems used by Computershare to maintain its books and records, including the computer systems used by Computershare to maintain and track original loan documents while in Computershare's possession. These records are: (a) made at or near the time of occurrence of the matter recorded by persons with personal knowledge of the information in the business record; (b) kept in the regular course of Computershare's regularly conducted business activities; and (c) it was and is Computershare's regular practice to make such records. Such records are made, kept, and maintained by Computershare in the regular course of its business, and Computershare relies on such records in the ordinary course of its business. I have continuing access to these records and am familiar with how they are retrieved and compiled.

physical possession of the Note from February 14, 2007 until August 8, 2014. This included the date, August 20, 2013, on which the Complaint was filed.

We conclude that Wells Fargo satisfied its initial burden on summary judgment.

The burden then shifted to Flores, and Flores did not meet her burden of establishing that there is a genuine issue of material fact as to Wells Fargo's physical possession of the Note on August 20, 2013. See U.S. Bank Tr., N.A. v. Verhagen, 149 Hawai'i 315, 328, 489 P.3d 419, 432 (2021) ("[A] defendant may counter this inference of possession at the time of filing with evidence setting forth 'specific facts showing that there is a genuine issue' as to whether the plaintiff actually possessed the subject note at the time it filed suit." (quoting Hawai'i Rules of Civil Procedure Rule 56(e))).

Flores contends that Wells Fargo's Activity Report indicates a "Location Move" on February 9, 2012 and August 7, 2014, and that the Note was therefore not in Wells Fargo's possession during the period of time between the two "Location Move[s]." However, as explained by Brehm in his second supplemental declaration, the term "Location Move" references "a change in the physical storage location within Wells Fargo's or Computershare's control." Flores does not provide any specific facts to counter the inference, based on Brehm's sworn

statements, that the Note was within Wells Fargo's possession on August 20, 2013.

We conclude that Wells Fargo established standing to bring its foreclosure action, and that the circuit court did not err in making FOFs 13 and 14, and COL 3. We therefore affirm the circuit court's Foreclosure Order and Judgment.

DATED: Honolulu, Hawaiʻi, February 28, 2025.

On the briefs:

Keith M. Kiuchi,
for Defendant-Appellant.

David A. Nakashima,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge